IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02909-BNB

DUMISAI H. HOCKADAY,

    Plaintiff,

v.

THE STATE OF COLORADO,

    Defendant.

---

ORDER OF DISMISSAL

---

    Plaintiff, Dumisai H. Hockaday, is a pretrial detainee who is currently incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Hockaday initiated this action by filing a *pro se* prisoner complaint and a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915. He has been granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

    The Court must construe the complaint liberally because Mr. Hockaday is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an

advocate for *pro se* litigants.  *See id.*  For the reasons stated below, the Court will dismiss the complaint and action as legally frivolous.

Mr. Hockaday was arrested and detained by the Colorado Springs Police Department on June 4, 2011.  On June 15, 2011, he was charged with second degree assault.  The charges against him were later amended to include first degree assault, first degree assault with a deadly weapon, and a crime of violence.  Mr. Hockaday asserts that his constitutional rights were violated because the probable cause for his arrest was based on "fictitious" information, the victim in his criminal case was wrongfully diagnosed, and the amended charges lack merit.   As relief, Mr. Hockaday seeks damages.

Mr. Hockaday, however, may not recover damages for the claims that he asserts because he challenges the validity of a possible conviction and sentence.  *See Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges.  Such claims arise at the time the charges are dismissed."  *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999).  A judgment in favor of Mr. Hockaday in this action

necessarily would imply the invalidity of his criminal proceedings and subsequent conviction. Mr. Hockaday does not allege an invalidation nor is there an indication in the Complaint that he was granted one. Accordingly, his claims for damages are barred by *Heck*.

Further, the State of Colorado is an improper party to this action because it is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).

Based on the above findings, Mr. Hockaday's claims are legally frivolous. Even if the Court were to find merit in Mr. Hockaday's claims, absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a party must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

Furthermore, the Supreme Court has established three factors that are relevant to determine whether abstention is required under *Younger*. *See Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). (citations omitted). In determining whether *Younger* is appropriate, a court considers whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the federal complaint, and (3) the state proceedings

> involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (citation and quotation marks omitted). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Id.* (citation omitted).

In the instant action, all three of these conditions are met. First, Mr. Hockaday is involved in a state criminal proceeding that is ongoing, as evidenced by his pending criminal trial in the El Paso County District Court. Second, Mr. Hockaday fails to demonstrate that the state court is not an adequate forum to hear his constitutional challenges to the handling of the charges against him. The adjudication of this federal lawsuit would inescapably intrude on the potential for the state court to decide the same issues. Third, there are important state interests in allowing the Colorado state court to resolve the issues brought by Mr. Hockaday.

No exceptions to *Younger* exist in this case. Mr. Hockaday does not demonstrate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing, state-court, criminal proceedings. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). Because Mr. Hockaday fails to assert an exception to *Younger*, the Court should abstain from exercising jurisdiction. *See, e.g., D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). Nonetheless, the Court will dismiss this case as legally frivolous.
Accordingly, it is

ORDERED that the Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this   16th   day of       November      , 2011.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court